### A. T. STEPHENSON *v.* STEPHEN LILLARD, ET AL.

**Conveyance of Real Estate—Suit on Lien Notes—Right of Vendee to Rent Land—Right of Innocent Tenant.**

> Where land is sold on deferred payments and lien notes taken, and the purchaser before foreclosure of such lien, rents the land to an innocent tenant, who gives his notes for the rent, plaintiff in such foreclosure has no lien on such notes.

#### APPEAL FROM MERCER CIRCUIT COURT.

April 13, 1875.

OPINION BY JUDGE PRYOR:

The appellant, Stephenson, by his action in equity filed in February, 1871, only sought to enforce his contract for the sale of the land to J. W. Lillard, by asserting his lien as vendor. Lillard had obtained the possession of the land from the tenant of Stephenson; but whether this possession was surrendered by the consent of the latter does not appear, nor do we think it material in determining the question involved in this case. The price to be paid for the land was $29,359.50, payable in three instalments, and upon the first instalment the appellee, Lillard, was to give one Ford as surety. This he failed to do, but after he obtained the possession, paid on this first note the sum of six thousand dollars, which sum was accepted by Stephenson, and upon Lillard's failure to pay any more of the purchase money, the action to subject the land was instituted. Lillard was evidently in no condition to pay for the land, and prior to the termination of the action had obtained his discharge in bankruptcy.

That the lien for the purchase money could be enforced is not questioned, but it is insisted by Stephen Lillard that the appellant had no lien for or upon the rents of the place, and no lis pendens in order to subject the rent at the time he became the owner of the rent note. No attachment was obtained by appellant, or the money garnisheed in the hands of Ford, the renter, nor is there any allega-

tion of fraud between the father and son with reference to the transfer of the rent note; but the whole right of recovery on the part of Stephenson is made to depend on the question as to whether or not there was a lis pendens as to the subject-matter when Ford rented the land, and when the note was passed to Stephen Lillard. If there was no lien existing upon the rents of the land, we cannot well see how or in what manner the petition filed to subject the land to the payment of the purchase money is to be regarded as an action pending to enforce the claim for rent. The vendee, Lillard, had the right to sell the land or to rent it, the party thus contracting with him, taking the property subject to the judgment of the chancellor enforcing the lien.

Conceding that a state of facts might have existed authorizing the chancellor to take the power from the vendee and rent it out before final judgment, yet, if the vendee had himself rented it to another, and transferred the rent notes, the assignee would hold subject only to be divested of the rent from the time the purchaser under the judgment of sale was entitled to the possession. As between the parties to the action, the chancellor might enforce his order and require the vendee to abstain from committing waste, and in some cases, where the land is being materially impaired in value, may take the possession and rent it out. Whether such an order can be made as between vendee and vendor is one of doubt, and not necessary now to decide. It is certain, however, that the vendee has the right to rent the premises, and if he assigns the rent notes, the vendor, having no lien on them or the rent, must lose it or be vigilant in reducing his purchase money to a judgment, and thereby end the claim of the vendee and his tenant by selling the land. In this case there was no lis pendens or claim asserted to the rent, or the right to have the land rented out, until the month of November, 1871, when it is admitted by appellant that the renting to Ford took place in the first week in September, preceding, and is proven by Ford and others that he rented the land on or about the first of August, 1871. The notice to Lillard was that at the November term a motion would be made to rent the land out, without assigning the grounds therefor, and even if the basis of the motion had been given in the notice, we do not see how it could be made or considered a part of the record until filed in court.

It was, in fact, an amended pleading setting up a different and distinct ground of action not mentioned in the original pleading, nor necessarily one of the incidents to such a proceeding. The land

being insufficient to satisfy the debt, the appellant, for causes stated, might have debts due Lillard garnisheed in the hands of the debtors of the latter, or he might (if the theory of counsel be correct) have filed an amended pleading, alleging that the property was being materially impaired or its value greatly impaired, so as to obtain an order renting the land out. This would have been a different remedy, as well as a different cause of action, from the original proceeding, and where other equities had in the meantime intervened in favor of those not parties, the minor equity created by such an amendment must be regarded as subordinate.

If the appellant, by reason of the failure of Lillard to comply with the contract by giving surety on the first note, had asked for a rescission and a restoration of the possession, there might be some reason for regarding the action as a lis pendens; but when he is attempting to sell the land as Lillard's, certainly, as between himself and third parties, who have in good faith rented the land and paid the rent, or assignees who have purchased the rent notes, he can look only to a sale of the land for his debt.

The evidence is that the land was rented in August, and the writing executed in September following, that Stephen Lillard obtained the rent note by surrendering to his son a note he held on him for $2,000. We think Ford rented the land in good faith. He paid a fair price for the land, and his rent money was placed under the control of the court. The facts may look suspicious with reference to the transaction between father and son, but if so, there is no charge of fraud, or even any claim to the rent note until after the case was submitted. The land was rented and the note held before any motion was made to rent the land out, this motion constituting the only lis pendens in regard to the rent. It was new matter, and could not relate back to the filing of the original action, so as to affect the rights of third parties. Having rented the land, and an order having been made that, in effect, deprived him of possession, Ford's only remedy was to enjoin the appellant from having it enforced, and his costs should have been allowed him. The proof established beyond controversy that the land was rented by Ford, and that he paid a full equivalent for it.

The judgment is, therefore, *affirmed* on the original and *reversed* on the cross-appeal of Ford, with directions to enter a judgment

in his favor against appellant for his costs. *Stone & Warren v. Connelly, et al.,* 1 Met. 653.

*John T. Spillman, R. M. & W. O. Bradley, for appellant.*

*T. C. Bell, P. B. Thompson, Sr., Thompson & Thompson, for appellees.*